G. GEOFFREY ROBB (131515)
C. JOSEPH OU (294090)
R. HUDSON HOLLISTER (323133)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:  (415) 348-6000
Facsimile:   (415) 348-6001
Email:         grobb@gibsonrobb.com
                    jou@gibsonrobb.com
                    rhollister@gibsonrobb.com

Attorneys for Plaintiff
NAVIGATORS MANAGEMENT COMPANY, INC.
in its individual capacity and on behalf of
NAVIGATORS INSURANCE COMPANY, INC.
a/s/o ARRAY TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS MANAGEMENT COMPANY, INC. in its individual capacity and on behalf of NAVIGATORS INSURANCE COMPANY, INC. a/s/o ARRAY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> IMC SHIPPING (CHINA) CO. LTD.; and M/V PACIFIC WAVE, *in rem*, <br><br> Defendants. | Case No. 2:23-cv-01204 <br><br> **VERIFIED COMPLAINT FOR DAMAGE TO CARGO** <br><br> (Damages in the sum of $1,408,227.89) |

/ / /

/ / /

/ / /

/ / /

Plaintiff's complaint follows:

1. Plaintiff NAVIGATORS MANAGEMENT COMPANY, INC. in its individual capacity and on behalf of NAVIGATORS INSURANCE COMPANY, INC. a/s/o ARRAY TECHNOLOGIES, INC. ("Plaintiff"), is now, and at all times herein material was, a corporation duly organized and existing by virtue of law, and was the insurer of the cargo that is the subject of this action and of Array Technologies, Inc. ("Array"), which was the owner of the hereinafter described cargo.

2. Plaintiff is informed and believes that defendant IMC SHIPPING (CHINA) CO. LTD. (collectively "IMC") is now, at all times material herein was, a corporation duly organized and existing by virtue of law.

3. Plaintiff is informed and believes that *in rem* defendant M/V PACIFIC WAVE, was and is a Marshall Islands flagged cargo ship with IMO no. 9801275, and was engaged in transporting goods by sea for hire. Plaintiff is informed and believes that the M/V PACIFIC WAVE will be within the district while the action is pending.

4. At all relevant times mentioned herein, the *in rem* Defendant M/V PACIFIC WAVE was chartered, owned and/or operated by IMC.

5. Plaintiff's complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, *et. seq*. (2006) ("COGSA") and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein. Additionally, the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. These are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as hereinafter more fully appears.

6. Plaintiff is informed and believes, and on the basis of such information and belief alleges that, on or about December 22, 2021, IMC and Array entered into a charter party (the "Charter Party"), whereby IMC agreed to procure a vessel able

VERIFIED COMPLAINT FOR DAMAGE TO CARGO
Case No. 2:23-cv-01204; Our File No. 5479.84

2

to suitably carry Array's cargo of torque beams (the "Cargo") from Masan, Korea to Stockton, California. A true and correct copy of the Charter Party is attached hereto as **Exhibit A**.

7. On or about January 5, 2022, at Masan, Korea, IMC received and loaded Array's cargo onto the appointed vessel, M/V PACIFIC WAVE. IMC in good order and condition, and in exchange for valuable consideration, Defendants agreed to transport and carry the shipment it received from Masan, Korea to Stockton, California.

8. However, in Stockton, California, Defendants delivered the Cargo in a damaged condition, causing damages of at least $1,408,227.89.

9. Prior to the loss, Plaintiff issued its policy of insurance whereby Plaintiff agreed to indemnify the owner of said cargo, or its assigns, against loss of or damage to the Cargo. As a result of the loss, Plaintiff was obligated to indemnify the owner of the Cargo or its assigns against the loss, and has paid $1,358,227.89 on account of the loss, after application of the $50,000.00 policy deductible, which was borne by Array. Array subsequently assigned its claim for its $50,000.00 deductible to Plaintiff. Plaintiff's total damages are therefore $1,408,227.89.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

10. Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein.

11. Defendants and plaintiff's subrogor entered into a valid written contract, namely the Charter Party, dated December 22, 2021, for valuable consideration, under which Defendants were obligated to arrange for and be responsible for the safe carriage of the Cargo. In relevant part, the Charter Party provides as follows:

/ / /

/ / /

> **2. Owner's Responsibility Clause**
> [IMC] are to be responsible for loss of or damage to the goods or for delay in delivery of the goods only in case the loss, damage or delay has been caused by personal want of due diligence on the part of [IMC] or their Manager to make the Vessel in all respects seaworthy and to secure that she is properly manned, equipped and supplied, or by the personal act or default of [IMC] or their Manager.
>
> . . .
>
> **10. Loading**
> Vessel to be fully suitable for the carriage of subject steel cargo. The Master shall supervise stowage of the cargo as well as instruct one of his officers to supervise all loading, handling and discharge of the cargo, and he is to furnish Charterers with stowage plans as well as other documents customarily used. Owners confirm that the cargo will be loaded into holds which are suitable for the carriage of the cargo, unobstructed by center-line beam/bulkheads, tanks, reefer and locker space. The cargo to be loaded on ship's floor / tank top / suitable flat surface with sufficient space taken into account and provided suitable space for working with fork lifts or other mechanical equipment.. Cargo not to be loaded in deep tanks and tunnel areas. Owners confirm sufficient tank top strength to proper load/carry/discharge Charterer's cargo. Vessel to supply sufficient light for night work, if required.

12. In breach of said contract, Defendants failed to arrange for and complete the safe carriage of the Cargo and instead had the Cargo delivered in a damaged condition.

13. Plaintiff has therefore been damaged in the sum of $1,408,227.89, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Bailment)

14. Plaintiff refers to and incorporates herein by reference paragraphs 1-13 as though fully set forth herein.

/ / /

/ / /

/ / /

VERIFIED COMPLAINT FOR DAMAGE TO CARGO
Case No. 2:23-cv-01204; Our File No. 5479.84

4

15.     In receiving and arranging for the shipment of the Cargo, either by themselves or through their agents, Defendants acted as bailees for hire, setting up a bailment agreement as a matter of law.  In breach of said bailment agreement, Defendants failed to safely deliver said Cargo in the same good order and condition as when received.

16.     Plaintiff has therefore been damaged in the sum of $1,408,227.89, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Damage to Cargo - COGSA)

17.     Plaintiff refers to and incorporates herein by reference paragraphs 1-16 as though fully set forth herein. This cause of action is plead in the alternative.

18.     Defendants, under contracts of carriage, namely the Charter Party between IMC and Array, the operative mate's receipt, and others, and in return for good and valuable consideration, agreed to carry the Cargo from Masan, Korea to Stockton, California, and there deliver the Cargo to the lawful owner of the Cargo in the same good order, condition, and quantity as when received.

19.     Thereafter, in breach of and in violation of said agreements, Defendants did not deliver the Cargo in the same good order, condition, and quantity as when received.  To the contrary, Defendants delivered the Cargo in a damaged condition.

20.     Plaintiff has therefore been damaged in the sum of $1,408,227.89, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff NAVIGATORS MANAGEMENT COMPANY, INC. in its individual capacity and on behalf of NAVIGATORS INSURANCE COMPANY, INC. a/s/o ARRAY TECHNOLOGIES, INC. prays for relief as follows:

That this Court enter judgment in its favor and against Defendants; that this Court decree payment by Defendants to Plaintiff in the sum of $1,408,227.89, or another amount to be proven at trial, together with prejudgment interest thereon and costs of suit herein; and that Plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

Dated: February 16, 2023         GIBSON ROBB & LINDH LLP


/s/ C. JOSEPH OU
C. Joseph Ou
jou@gibsonrobb.com
Attorneys for Plaintiff
NAVIGATORS MANAGEMENT COMPANY, INC. in its individual capacity and on behalf of NAVIGATORS INSURANCE COMPANY, INC. a/s/o ARRAY TECHNOLOGIES, INC.

# VERIFICATION

I, Gina M. Sherman, declare as follows:

1. I am a Major Case Subrogation Specialist for Plaintiff NAVIGATORS MANAGEMENT COMPANY, INC., and am authorized to verify this Complaint.

2. The matters stated in the Verified Complaint are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed at Springfield, Massachusetts, on February 16, 2023

_____
Gina M. Sherman